IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No. 7:04cr00072-1 |
| | ) | |
| v. | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |
| RICHARD LAMONT LIGHTY. | ) | |
| | ) | **2255 MEMORANDUM OPINION** |

    Petitioner Richard Lamont Lighty, a federal inmate proceeding pro se, filed a letter arguing that his sentence was unconstitutional and asking the court to reduce and correct his sentence. By Order entered January 15, 2010, the court notified Lighty of the court's intention to construe and address his letter as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, unless he expressly objected to the court's intended construction within ten days. See Castro v. United States, 540 U.S. 375 (2003) (requiring court to give petitioner opportunity to elect whether criminal motion be addressed as § 2255 motion). The court also notified Lighty that his petition appeared to be untimely filed and gave him the opportunity to present any other information regarding the timeliness of his motion. Lighty responded and indicated that he did not object to the court's construction. The court finds that Lighty's motion is barred by the one-year statute of limitations for filing a § 2255 motion and that Lighty has not demonstrated grounds for equitable tolling. Therefore, the court dismisses his motion as untimely filed.

I.

    Lighty pled guilty to conspiring to possess with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 846; and two counts of possessing of a firearm in furtherance of a drug trafficking crime, both in violation of 18 U.S.C. § 924(c)(1). Pursuant to a written plea agreement, the United States agreed to move to dismiss the remaining counts against Lighty and Lighty agreed to waive his right to collaterally attack the judgment and any part of the

sentence imposed upon him. The court sentenced Lighty to a total of 720 months, consisting of 360 months as to the drug conviction and 60 months as to each of the firearms convictions, with all terms to be served consecutively. Lighty appealed and the United States Court of Appeal for the Fourth Circuit affirmed his sentence. Lighty then filed a petition for writ of certiorari which the Supreme Court of the United States denied on October 1, 2007. Lighty signed his § 2255 motion on January 7, 2010.

## II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255). For purposes of the one-year limitations period, the defendant's conviction becomes final when the last appeal is taken, or the time to file such an appeal expires. See Clay v. United States, 537 U.S. 522, 528 (2003). Thus, Lighty's conviction became final on October 1, 2007, when the Supreme Court of the United States denied his petition for writ of certiorari. Therefore, Lighty had until October 1, 2008 to file a timely § 2255 motion. However, Lighty did not file his federal habeas motion until January 7, 2010, approximately 463 days after his time to file a timely § 2255 motion passed. Accordingly, Lighty's motion is time-barred unless he demonstrates grounds for equitable tolling.[1]

---

[1] A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)).

In response to the court's conditional filing order, Lighty argues that he was unable to file a timely § 2255 motion because he was "ill-advise[d] and misguid[ed]" and did not know the time limit. However, ignorance of the law is not a basis for equitable tolling. United States v. Sosa, 364 F.3d 507 (4th Cir. 2004); Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." (internal quotation marks omitted)); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling . . . ."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (same). Further, the court finds that Lighty has not demonstrated that he exercised reasonable diligence in bringing his claims. See Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3rd Cir. 1998) (holding that, for equitable tolling to apply, petitioner must show that he exercised reasonable diligence in bringing or investigating the claims). Accordingly, the court finds that Lighty has not demonstrated grounds for equitable tolling and, thus, finds his § 2255 motion untimely.

### III.

For the reasons stated, the court dismisses Lighty's § 2255 motion as untimely filed.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER:** This 27th day of January, 2010.

United States District Judge