CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 19 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 7:04CR00072-01 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| RICHARD LAMONT LIGHTY, | ) |
| | ) By: Samuel G. Wilson |
| Defendant. | ) United States District Judge |

Defendant Richard Lamont Lighty, a federal inmate proceeding pro se, has filed a pleading that he styles as a "MOTION 60(b)(3)(4)(6)," seeking from the judgment entered against him on January 27, 2010, dismissing as untimely filed his motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Because Lighty's current pleading offers no ground on which he is entitled to relief from the challenged judgment, and instead challenges the validity of his criminal sentence as imposed, the court will construe the pleading as a second § 2255 motion that must be dismissed as successive.

The Federal Rules of Civil Procedure do not provide a vehicle by which a defendant may challenge his criminal judgment. See, e.g., United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). Therefore, Rule 60(b)(6) provides no authority under which Lighty may seek relief directly from the criminal judgment.

While Rule 60(b) can provide authority for relief from judgment in a § 2255 action, a Rule 60(b) motion merely seeking to revisit a federal habeas court's denial on the merits of previous claims for relief should be dismissed as a successive habeas petition to prevent petitioners from using such a motion to circumvent the rule against successive petitions.

Gonzales v. Crosby, 545 U.S. 524, 531-32 (2005).[1] Lighty's current arguments are ones he has already raised, or could have raised, in his previous § 2255 motion. Therefore, the court construes his current submission as a second § 2255 motion.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). As Lighty offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, the court must dismiss his current motion without prejudice as successive.

A separate final order will be entered today.

**ENTER:** This 19th day of May, 2011.

_____
United States District Judge

---

[1] A challenge to the court's finding that his § 2255 motion was untimely would be properly raised in a Rule 60(b) motion. Gonzales, 545 U.S. at 533. Lighty fails to demonstrate any error in the court's judgment, however, and so is not entitled to relief from judgment under Rule 60(b). Instead, he argues a new ground on which he believes he is entitled to equitable tolling. He states that he missed the filing deadline for his initial § 2255 motion "because other litigations were petition [sic] in court at the time that were relevant to be granted," apparently referring to a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) that he filed in 2008. The pendency of a § 3582(c) motion, however, does not prevent a litigant from pursuing a § 2255 motion at the same time. Thus, Lighty fails to demonstrate grounds for equitable tolling. See Holland v. Florida, __U.S.__, 130 S. Ct. 2549, 2562 (2010) (finding that habeas petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition).