CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE, VA
FILED

OCT 27 2023

LAURA A. AUSTIN, CLERK
BY: /s/ A. Seagle
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 7:04-CR-00072 |
| v. ) | |
| ) | |
| RICHARD LAMONT LIGHTY, ) | By: Hon. Michael F. Urbanski |
| Defendant ) | Chief United States District Judge |

## MEMORANDUM OPINION

On September 2, 2022, the court granted in part defendant Richard Lamont Lighty's motion for relief under the First Step Act of 2018, Pub. L. No. 115-015, and under 18 U.S.C. § 3582(c)(1)(A), and reduced his 720-month sentence to 324 months. Mem. Op. and Order, ECF Nos. 877, 878. Pending before the court are two motions for additional relief filed by Lighty proceeding pro se, ECF Nos. 880 and 881, and supplemental briefing filed by the Federal Public Defender, ECF No. 886. As discussed below, the court **GRANTS in part** and **DENIES in** part Lighty's motions and **REDUCES** Lighty's sentence from 324 months to 300 months.

I.

The background of Lighty's case is set forth in detail in the Memorandum Opinion and will not be repeated here, except as necessary to address his motions. Lighty entered into a plea agreement in which he pled guilty to three counts: conspiracy to distribute and to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 846 (Count 1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3); and

possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 8). Plea Agreement, ECF No. 343 at 2–3; Guilty Plea Form, ECF No. 344.

When Lighty was sentenced in 2005, the statutory sentencing range for Count 1 was 10 years to life pursuant to 21 U.S.C. § 841(b)(1)(A); the statutory range for Count 3 was 5 years to life pursuant to 18 U.S.C. § 924(c)(1)(A)(i); and the statutory range for Count 8 was 25 years to life pursuant to 18 U.S.C. § 924(c)(1)(C)(i). The terms of imprisonment for Counts 3 and 8 had to be imposed consecutively to one another and to any other sentence. 18 U.S.C. § 924(c)(1)(D)(ii).

According to the Presentence Investigation Report (PSR), under the guidelines on Count 1, Lighty's sentence was calculated based on 1.5 kilograms of cocaine base, making his base offense level 38. The offense level was increased by 4 levels for his role in the offense, giving him a total offense level of 42. PSR, ECF No. 825 ¶¶ 88–94. Lighty was considered a career offender under USSG §4B1.1 because his instant offense was a controlled substance offense and he had two prior controlled substance offenses. Id. ¶ 95. Because he was a career offender, Lighty's criminal history category was VI. His criminal history combined with the offense level of 42 rendered a guidelines sentencing range of 360 months to life. PSR, ECF No. 129; USSG Ch. 5 Pt. A. The guidelines range for Counts 3 and 8 were the statutory minimums set forth in 18 U.S.C. § 924(c), or 60 months and 300 months respectively. Therefore, under the guidelines, Lighty's sentencing range was 720 months to life. PSR, ECF No. 129 ¶ 130; USSG § 4B1.1(c)(2)(A). On June 27, 2005, Lighty was sentenced to 360 months

2

on Count 1, 60 months on Count 3, and 300 months on Count 8, all to run consecutively, for a total of 720 months, to be followed by a 5-year term of supervised release. J., ECF No. 383.

## II.

Lighty moved for relief under two sections of the First Step Act.[1] He argued that he was entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A), which was amended by Section 603(a) of the First Step Act to allow defendants to bring motions for compassionate release, rather than limiting requests for such relief to the Bureau of Prisons. He also argued that under Section 404(b) of the First Step Act, which gives courts the authority to impose a sentence for a covered offense as if Sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed, he was eligible for a reduction in the sentence he received on the crack cocaine conviction.

### A. Compassionate Release

In its compassionate release analysis, the court looked at whether there were any "extraordinary and compelling reasons" that would warrant "reduc[ing] the term of imprisonment" imposed in Lighty's case. The court determined that the disparity between the stacked § 924(c) sentences Lighty received and the sentence he would receive for the same offenses today was an "extraordinary and compelling reason" for his release. Lighty's sentence

---

[1] "The First Step Act" is the name of the legislative act, Public Law 115-39, that was passed by Congress on December 18, 2018. The act made changes to the compassionate release statute, 18 U.S.C. § 3582 (c)(1), and changes to the quantities of cocaine base that trigger sentences under 18 U.S.C. § 841(b)(1), as well as other changes to sentencing statutes and BOP administrative programs. Despite all the changes being part of the First Step Act, this court will refer to Lighty's motion based on changes to the amount of cocaine base that triggers statutory penalty ranges as his "First Step Act" claim and will refer to his motion based on 18 U.S.C. § 3582(c)(1) as his "compassionate release" claim.

3

was comprised of 30 years on the drug conviction, 5 years on the first §924(c) conviction and 25 years on the second § 924(c) conviction. After changes to the sentencing statutes that occurred after Lighty was sentenced, the court found that the mandatory minimum sentence for the § 924(c) charges would be 5 years on the first conviction and 7 years on the second conviction, because he was convicted of "brandishing" the weapon. See 18 U.S.C. § 924(c)(1)(A)(i) and (ii).[2] Under USSG § 2K2.4(b), Lighty's guidelines sentence would be the minimum term of imprisonment required by statute, or 5 years on Count 3 and 7 years on Count 8. Mem. Op., ECF No. 877 at 10.

The court found that the "gross disparity" between the sentence Lighty received in 2004 and the sentence he likely would receive today for the same conduct to be an "extraordinary and compelling reason" for relief under § 3582(c)(1)(A). See United States v. McCoy, 981 F.3d 271, 285–86 (4th Cir. 2020) (finding persuasive other courts' conclusions "that the severity of a § 924(c) sentence, combined with the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute an "extraordinary and compelling" reason for relief under § 3582(c)(1)(A).") After assessing the sentencing factors under 18 U.S.C. § 3553(a), the court concluded that a sentence of 5 years on Count 3 and 7 years on Count 8 on the firearms charges was appropriate.

---

[2] Section 924(c)(1)(A) provides, in relevant part, that anyone who "uses or carries a firearm" in relation to a "crime of violence" shall:
"(i) be sentenced to a term of imprisonment of not less than 5 years;
"(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
"(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years."

4

Lighty seeks reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure of the court's finding that he should be sentenced to 7 years on Count 8 for brandishing a firearm. He argues the following:

> [U]nder Alleyne v. United States, 570 U.S. 99 (2013), the Court should not and cannot on this record impose the higher statutory minimum applicable to brandishing offenses under 18 U.S.C. § 924(c). Mr. Lighty recognizes that although Count 8 of the second superseding indictment in this case mentions brandishing, and although he pled guilty to that count, the mention of brandishing in that indictment is in the disjunctive, and nothing in the existing record supports that Mr. Lighty admitted or affirmed that he brandished a firearm, a constitutional prerequisite to the imposition of a seven-year mandatory minimum.

Resp., ECF No. 886 at 2. The court agrees that it erred in finding that Lighty was subject to a 7-year mandatory minimum sentence on Count 8.

As an initial matter, although it is not entirely clear, it appears that Lighty can challenge the court's ruling on his compassionate release motion via this Rule 59(e) motion. The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts …." Fed. R. Civ. P. 1. The Federal Rules of Criminal Procedure "govern the procedure in all criminal proceedings in the United States district courts …." Fed. R. Crim. P. 1. Lighty sought a reduction in his term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i). The Fourth Circuit has held that "the Federal Rules of Civil Procedure do not apply to motions under § 3582," because § 3582 motions are "criminal in nature." United States v. Holt, 849 F. App'x. 63 (4th Cir. 2021) (per curiam) (quoting United States v.

5

Goodwyn, 596 F.3d 233, 235 n.* (4th Cir. 2010)). In United States v. Mann, 435 F. App'x 254, 255–256 (4th Cir. 2011) (per curiam), the Fourth Circuit elaborated:

> In United States v. Goodwyn, we held that § 3582(c) divests a district court of jurisdiction to modify a sentence except in those cases specifically authorized by statute. 596 F.3d 233, 236 (4th Cir.2010). One specifically authorized exception occurs when the Sentencing Commission retroactively lowers the Guidelines range for an offense. § 3582(c)(2). When that happens, we held that § 3582(c) gives a district court one—and only one—opportunity to apply the retroactive amendments and modify the sentence. Id.; see also United States v. Redd, 630 F.3d 649, 651 (7th Cir.2011). For this reason, § 3582(c) forbids a district court from ruling on a motion to reconsider a § 3582(c)(2) sentence reduction order. . . .
>
> The context against which Congress enacted § 3582(c) also requires us to consider it jurisdictional. At common law, a court could not modify a final judgment in a criminal case after the expiration of the court term at which it was entered. United States v. Mayer, 235 U.S. 55, 67, 35 S.Ct. 16, 59 L.Ed. 129 (1914). After the Federal Rules of Criminal Procedure prescribed a specific window of time during which a court could modify a criminal sentence, the Supreme Court continued to treat these time limits as jurisdictional. See United States v. Smith, 331 U.S. 469, 473 n. 2, 67 S.Ct. 1330, 91 L.Ed. 1610 (1947); United States v. Addonizio, 442 U.S. 178, 189, 189 n. 17, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

Notwithstanding the strong language in Mann, the Fourth Circuit also has held that the prohibition on motions for reconsideration under § 3582(c)(2) is not jurisdictional and can be waived if the government fails to assert it. "Although we have previously prohibited 18 U.S.C. § 3582(c)(2)-based motions for reconsideration, United States v. Goodwyn, 596 F.3d 233, 234 (4th Cir. 2010), we understand this prohibition to be non-jurisdictional, and thus waived when

6

the government failed to assert it below." United States v. May, 855 F.3d 271, 274 (4th Cir. 2017).³

> [T]he prohibition on § 3582(c)(2)-based motions for reconsideration is not based on a limitation that Congress has clearly ranked as jurisdictional. Rather, it is implied from § 3582(c)(2)'s silence on a district court's authority to grant motions for reconsideration, coupled with sentence finality interests and "the clear intent of § 3582 ... to constrain postjudgment sentence modifications." Goodwyn, 596 F.3d at 235–36. We therefore conclude that the implied prohibition on § 3582(c)(2)-based motions for reconsideration, as recognized in Goodwyn, is non-jurisdictional.

Id. at 275.⁴ See also United States v. Harriott, 831 F. App'x 92, 93 n.* (4th Cir. 2020) (Mem.) (citing May, 855 F.3d at 274) (finding on motion to reconsider district court's ruling on compassionate release and First Step Act claims that the movant's motion "was properly before the district court because the Government did not file an opposition to his motion for reconsideration."); United States v. Isom, No. 1:03CR241-1, 1:03CR242-1, 2023 WL 422889, at *3 (M.D.N.C. Jan. 26, 2023) (assuming without deciding that order granting compassionate release is subject to a motion for reconsideration but denying on the merits); United States v. Baldwin, No. 1:08CR315-1, 2021 WL 663725 at *2 (M.D.N.C. Feb. 19, 2021) (considering

---

³Although Lighty brings his motion pursuant to 18 U.S.C. § 3582(c)(1)(B), rather than § 3582(c)(2), "[t]here is no indication that any different rule would apply to the jurisdictional/waiver consideration in this context." United States v. Baldwin, No. 1:08CR315-1, 2021 WL 663725 at *2 (M.D.N.C. Feb. 19, 2021).

⁴ The court expressly rejected Mann's reading of Goodwyn as suggesting that a jurisdictional limitation existed with respect to § 3582(c)(2)-based motions for reconsideration. "Some authorities—none of which are binding in this Circuit—have read Goodwyn as suggesting that a jurisdictional limitation exists with respect to § 3582(c)(2)-based motions for reconsideration. See, e.g., United States v. Trujillo, 713 F.3d 1003, 1007 (9th Cir. 2013); United States v. Mann, 435 Fed.Appx. 254, 255 (4th Cir. 2011) (per curiam). We reject this reading of our precedent. Goodwyn never used the word "jurisdiction" in its opinion, and it did not purport to identify a clear statement in § 3582(c)(2) that created a jurisdictional limitation on motions for reconsideration." May, 855 F.3d at 275 n. 2.

7

motion for reconsideration of court's ruling on First Step Act motion when government did not object to court's authority to do so). In Lighty's case, because the government did not challenge his ability to seek reconsideration of the court's ruling on his prior motion, the court will consider his motion for reconsideration on the merits.

"In general 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing 11 Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). There are only three limited bases for a district court to grant a Rule 59(e) motion to alter or amend a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Mere disagreement with a court's prior order does not support a Rule 59(e) motion. Id. at 1082. Rule 59(e) cannot be used to "address new arguments or evidence that the moving party could have raised before the decision issued." Banister v. Davis, 140 S.Ct. 1698, 1703 (2020) (citing 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2810.1. pp.163–164 (3d ed. 2012) (Wright & Miller)).

"Clear error or manifest injustice occurs where a court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension....'" Wagner v. Warden, No. CV ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016) (quoting King v. McFadden, 2015 WL 4937292 * 2 (D.S.C. August 18, 2015.)) "'In the context of a motion to

8

reconsider, manifest injustice is defined as an error by the court that is direct, obvious, and observable.'" Id. (quoting Saunders v. Riverside Regional Jail, No. 3:10CV258-HEH, 2012 WL 2192262 (E.D. Va. June 14, 2012)).

Lighty argues that the court erred in finding he faced a 7-yeasr mandatory minimum sentence on Count 8 of the second superseding indictment. Count 8 alleged that Lighty

> as a principal or aider and abettor, during and in relation to a crime of violence or drug trafficking, used or carried a firearm, and brandished said firearm, or possessed such firearm in furtherance of a crime for which he could be prosecuted in a court of the United States, as set forth in Counts One and Seven of this Indictment.

Second Superseding Indictment, ECF No. 269 at 12 (emphasis added). At the hearing on Lighty's guilty plea, the court asked the prosecutor if he was going to delete the "brandish said firearm" language from Count Eight conditioned on the entry of the plea, although it did not change the minimum penalty at that time, which was 25 years. The prosecutor acknowledged that a change to the language would not change the minimum penalty, but deletion of the language was not discussed further. Guilty Plea Tr., ECF No. 405 at 5–6. The plea agreement recites that "Counts Three and Eight charge me with possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code Section 924(c)(1)(A)" and also that "Count Eight charges me with the same offense as Count Three, the penalty is the same in all respects with Count Three, except that there is a mandatory minimum sentence of twenty-five years." Plea Agreement, ECF No. 343 at 2–3. There is no mention of brandishing the weapon in the plea agreement.

9

At the guilty plea hearing, the court recited the language from the three relevant counts in the second superseding indictment and Lighty pled guilty to the counts. Guilty Plea Tr., ECF No. 405 at 12–18. The court asked to hear a summary of the evidence from the government, and an agent with the Bureau of Alcohol, Tobacco, and Firearms was called to testify. Guilty Plea Tr., ECF No. 405 at 18–19. The agent testified that with respect to Count 8, there was evidence showing that Lighty provided a firearm to one of his codefendants, in an attempt to "permanently silence a witness who they believed was cooperating with the federal government." Id. at 20. The codefendant had testified in court as to what he had done. Id. Nevertheless, Lighty did not expressly plead guilty to brandishing a firearm.

In Alleyne v. United States, 570 U.S. 99, 103 (2013), the Court held that "[a]ny fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt." Because a mandatory minimum sentence increases the penalty for a crime, any fact that increases the mandatory minimum is an "element" that must be submitted to a jury. In Alleyne, the jury convicted the defendant of using or carrying a firearm during and in relation to a crime of violence but did not make a finding that a firearm was "brandished." Id. at 104. The PSR recommended a 7-year sentence on the firearm count which reflected the mandatory minimum sentence for "brandishing." Alleyne objected and argued that increasing his mandatory minimum sentence based on a sentencing judge's finding that he brandished a firearm would violate his Sixth Amendment right to a jury trial. Id. The district court overruled the objection explaining that brandishing was a sentencing factor that under the law in effect at the time, could be found by the court

10

by a preponderance of the evidence without running afoul of the Constitution. Id. The Court of Appeals affirmed. Id.

The Supreme Court reversed, holding that "[B]ecause the fact of brandishing aggravates the legally prescribed range of allowable sentences, it constitutes an element of a separate, aggravated offense that must be found by the jury, regardless of what sentence the defendant might have received if a different range had been applicable." Id. at 115.

Given the Supreme Court holding in Alleyne, Lighty is correct that this court erred when it found that if Lighty were sentenced today, he most likely would be sentenced to a mandatory minimum of 7 years on Count 8 because "he was convicted of 'brandishing' the weapon" and that his guidelines sentence on Count 8 would be 7 years, or 84 months. Mem. Op., ECF No. 877 at 10. The issue of whether Lighty brandished a weapon was not presented to a jury and Lighty did not plead guilty to brandishing a weapon. Accordingly, if Lighty were sentenced today, his mandatory minimum sentence on Count 8 would be 5 years rather than 7 years and his guidelines sentence would be 60 months.

Because the court erred in its order on Lighty's motion for compassionate release, his motion for reconsideration is **GRANTED** with respect to his compassionate release claim. As the mandatory minimum sentence on Count 8 is 5 years, the court **REDUCES** Lighty's sentence on that count to 5 years.

### B. First Step Act Claim

Regarding Lighty's First Step Act claim, the court found that his conviction for conspiracy to possess with intent to distribute more than 50 grams of cocaine base was a

11

"covered offense." Lighty was convicted prior to August 3, 2010, for violating 21 U.S.C. § 841(b)(1)(A). At the time he was convicted, an offense involving 50 grams of cocaine base was penalized under 21 U.S.C. § 841(b)(1)(A) with a sentencing range of ten years to life. After passage of the Fair Sentencing Act, an offense involving the same amount of cocaine base would be penalized under 21 U.S.C. § 841(b)(1)(B) with a penalty range of five to forty years. Accordingly, Lighty was eligible for relief under the First Step Act and the court had authority to impose a sentence as if the Fair Sentencing Act were in effect at the time he was convicted.

The court engaged in an analysis to recalculate the sentencing guidelines in light of intervening case law and considered the factors set forth in 18 U.S.C. § 3553(a). The court noted that if Lighty were sentenced today, he would not be considered a career offender under the guidelines based on the holding in United States v. Norman, 935 F.3d 232, 241 (4th Cir. 2019). Without the career offender designation, Lighty's criminal history category is V rather than VI. See PSR, ECF No. 825 ¶ 106.

In determining what the guidelines sentence on Count 1 would be today, the court discussed the amount of cocaine base for which Lighty was held responsible. The PSR stated that he was responsible for 1.5 kilograms of cocaine base. PSR, ECF No. 825 ¶ 88. In the plea agreement, Lighty acknowledged that there was "no agreement as to the quantity of drug weight that I shall be held responsible for and [I] recognize that the matter of drug weight is a factual matter which will be determined by the court." Plea Agreement, ECF No. 343 at 4. At sentencing, the probation officer testified that she calculated that Lighty was responsible for 101 kilograms of cocaine base based on law enforcement agents' reports regarding controlled

buys, and drugs confiscated when Lighty and his codefendants were arrested. Sentencing Tr., ECF No. 406 at 20. She also testified that based on Lighty's admissions, she found him to be responsible for 24 kilograms of cocaine base. Id.; PSR, ECF No. 825 ¶ 82. At the sentencing hearing, the court found it unnecessary to determine the exact amount of the cocaine base involved in the conspiracy because it was "well above 1.5 kilograms of cocaine base," or "considerably more than that what [was] necessary for it to become a level 38." Sentencing Tr., ECF No. 406 at 28.[5]

In analyzing Lighty's request for relief, this court noted that if Lighty were found responsible for 101 kilograms of cocaine base today, his base offense level would continue to be 38, increased by 4 points for his role in the conspiracy to 42. Regardless of his criminal history category, his guidelines sentencing range would be 360 months to life. USSG Ch. 5 Pt. A. If Lighty were responsible for 24 kilograms of cocaine base today, his offense level would be 36, increased by 4 levels to 40. With a criminal history category of V, his guidelines sentence would remain 360 months to life. Id. If Lighty were responsible for 1.5 kilograms of cocaine base today, his base offense level would be 32. Adding 4 points for his role in the conspiracy would bring it to a 36. With his criminal history category of V, his guidelines range would be 292 to 365 months.

Given that the PSR calculation was based on 1.5 kilograms of cocaine base, and that the only factual finding by the sentencing court was that Lighty was responsible for

---

[5] At the time Lighty was sentenced, a drug weight of 1.5 kilograms or more of cocaine base resulted in a base offense level of 38, which is the highest possible level under § 2D1.1 of the guidelines.

13

"considerably more" than 1.5 kilograms of cocaine base, the amount of cocaine base for which he should be held responsible if he were sentenced today was unclear. See Mem. Op., ECF No. 877 at 24–26. Nevertheless, relying on the testimony of the probation officer at the sentencing hearing and the finding in paragraph 82 of the PSR, this court found Lighty responsible for 24 kilograms of cocaine base during the pendency of the conspiracy. Mem. Op., ECF No. 877 at 26. This is the amount found by the probation officer based on Lighty's having told her that he traveled to New York or New Jersey two or three times a month and picked up "a quarter of a kilo each time[.]" Sentencing Plea Tr., ECF No. 406 at 20–21; PSR, ECF No. 825 at 82. A finding that Lighty was responsible for 24 kilograms of cocaine base was consistent with the sentencing court's comment that he was responsible for "considerably more" than 1.5 kilograms of cocaine base. Sentencing Tr., ECF No. 406 at 28. It also was consistent with another comment by the sentencing court that Lighty may not have been responsible for as much cocaine base as was indicated in the PSR. Id. at 29. See Mem. Op., ECF No. 877 at 26. After finding Lighty responsible for 24 kilograms of cocaine base, which resulted in a guidelines range of 360 months to life, the court then relied on the § 3553(a) factors, and in particular on Lighty's recent post-conviction behavior, to reduce the 360-month guidelines sentence to 180 months. Mem. Op., ECF No. 877 at 10–16, 27.

In his pending motion, Lighty asks the court to reconsider its finding that 24 kilograms of cocaine base represented the correct drug weight and argues that the court should instead have used the 1.5-kilogram statutory threshold used in the original PSR. If the court used the 1.5 kilograms of cocaine base as its starting point, Lighty would have a base offense level of

14

32, increased by four levels to 36. Coupled with a criminal history category of V, he would have a guidelines range of 292 to 365 months. Lighty asks the court to reduce his sentence on Count 1 to 120 months, rather than 180 months. Resp., ECF No. 886 at 1–2.[6]

Lighty has not alleged an intervening change in law, or that there is new evidence that previously was unavailable. To the extent he is arguing that it was a clear error of law or manifest injustice for the court to use the amount of 24 kilograms of cocaine base to arrive at his base offense level, he has failed to make the required showing because he has not shown that the court has "patently misunderstood a party," "made a decision outside the adversarial issues presented to the Court by the parties," or "made an error not of reasoning but of apprehension" Wagner 2016 WL 1169937 at *3.

In determining drug weight, the court explained in detail how, in the absence of a finding of drug weight by the sentencing court other than that it was "considerably more" than 1.5 kilograms, it arrived at its decision to use the 24-kilogram amount of cocaine base. See Mem. Op., ECF No. 877 at 24–26. The court also explained why it decreased Lighty's 360-month guidelines range to 180 months based on the § 3553(a) factors. Id. at 27. The court does not find that it reached either of those conclusions as a result of "clear error." Moreover, the 1.5 kilogram drug weight results in a guidelines range of 292 to 365 months and the court reduced Lighty's sentence to 180 months, so it is unclear how the court's decision to rely on that amount of cocaine could be either an error of law or manifest injustice on the record in

---

[6] Lighty also argued in his motion for First Step Act relief that his criminal history category is overstated and should have been IV rather than V. Mot., ECF No. 867 at 19–20. A criminal history category of IV coupled with a base offense level of 36 based on 1.5 kilograms of cocaine base results in a sentencing range of 260 to 327 months. USSG Ch. 5 Pt. A.

15

this case. At most, Lighty disagrees with the court's determination and that is an insufficient basis on which to grant a Rule 59(e) motion. Accordingly, Lighty's motion for reconsideration as it pertains to the court's finding on drug weight is **DENIED**.

### C. Amendment 782

Lighty also asks the court to find that he is eligible for a sentence reduction based on Amendment 782 to the sentencing guidelines. ECF No. 880. Amendment 782 reduced by two levels those offense levels assigned to drug quantities in USSG §§ 2D1.1 and 2D1.11. USSG App. C amend. 782 (2014). The amendment was issued on November 1, 2014, but the United States Sentencing Commission made Amendment 782 apply retroactively by listing it in subsection (d) of § 1B1.10 of the guidelines manual. United States v. Muldrow, 844 F.3d 434, 436 (4th Cir. 2016). Therefore, defendants who were sentenced before Amendment 782 was adopted can move for a reduction in their sentence if it was based on drug weight.

In 2015, Lighty moved for a sentence reduction under Amendment 782. The court denied it, noting that "Amendment 782 lowers defendant's total offense level to a level 37. However, because defendant is a career offender having a criminal history of category VI, his guideline range for Count 1 remains the same, 360 to life. Thus, Amendment 782 does not operate to reduce defendant's sentence." ECF No. 720.[7] Lighty argues that now that he no

---

[7] This rationale is confusing, because Amendment 782 to the guidelines generally reduced by two levels the offense levels assigned to the drug quantities listed in USSG § 2D1.1 and applied retroactively. United States v. France, 637 F. App'x 733, 734 n.* (4th Cir. Feb. 1, 2016). If Amendment 782 was applied to Lighty's case in 2015, it would have had the effect of lowering his base offense level to a 34 and his total offense level to 38. The court finds that the determination that Lighty's total offense level was a 37 was a typographical error and that his total offense level would have been a 38. This error did not affect the court's determination that Lighty was not entitled to relief.

16

longer is considered a career offender, he is eligible for a reduction in his sentence under Amendment 782. He is correct, but the court used the post-Amendment 782 guidelines when it recalculated his sentence after finding he was eligible for relief under the First Step Act. Mem. Op., ECF No. 877 at 25–27. Accordingly, Lighty has received the benefit of Amendment 782 and is not entitled to an additional reduction in his sentence.

### III.

For the reasons stated, the court **GRANTS in part** and **DENIES in part** Lighty's motions for reconsideration, ECF Nos. 880, 881. Lighty's sentence on Count 8 is **REDUCED** to 60 months. The other sentences remain unchanged at 60 months on Count 3 and 180 months on Count 1, for a total sentence of 300 months. The other conditions set forth in the original judgment, ECF No. 383, remain in effect. The Clerk is directed to send a copy of this opinion and accompanying order to Lighty, his counsel of record, and the attorney for the government.

An appropriate Order will be entered.

It is so **ORDERED**.

Entered: October 27, 2023

Michael F. Urbanski
Chief United States District Judge